IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BERNARD MCFADDEN, #199135, | ) Civil Action No. 3:10-3104-JMC-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MRS. BUTLER, FNU, FOOD SUPERVISOR OF KCI; | ) |
| MR. THOMAS, FNU, KITCHEN MANAGER OF KCI; | ) **REPORT AND RECOMMENDATION** |
| MRS. MARSHALL FULLMER, NUTRITIONIST FOR SCDC; | ) |
| MRS. MARSHALL, FOOD SUPERVISOR OF KCI, IN THEIR INDIVIDUAL OR PERSONAL CAPACITIES, | ) |
| | ) |
| Defendants. | ) |

Plaintiff filed this action, pro se, on December 16, 2010.[1]  He is an inmate at the Kirkland Correctional Institution ("KCI") of the South Carolina Department of Corrections ("SCDC").  On January 24, 2011, Plaintiff filed a motion for a preliminary injunction.  He filed an amended complaint on January 25, 2011.  Plaintiff appears to allege that his constitutional rights have been violated because he is served inadequate portions of food and the diet served is not nutritionally adequate.  Defendants contend that this motion should be denied because inmates at KCI are served a nutritionally sound diet; Plaintiff has not been subjected to a "non-nutritious" or "unbalanced" meal while in SCDC custody; Plaintiff's self-serving statements do not show the likelihood of irreparable harm as a result of the food service at KCI; Plaintiff is in no danger of irreparable harm if the

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the court.

injunction is denied; if the injunction is granted, SCDC would be forced to revise a menu that is nutritionally sound, causing unnecessary and undue expense; Plaintiff has shown no likelihood of success on the merits; and Plaintiff has been unable to establish any public interest in this situation.

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 555 U.S 7, 129 S.Ct. 365, 374-376, 172 L.Ed.2d 249 (2008).

It is recommended that Plaintiff's motion for a preliminary injunction be denied. Plaintiff asks that the court issue an injunction without providing a legal basis for doing so. He fails to show that he is entitled to relief under the factors set out in Winter. He has not shown that he is likely to succeed on the merits at trial. He merely argues that a lack of nutritious food may cause unforeseen medical problems.[2] Marcia Fuller, a registered and licensed dietitian who is employed as a

---

[2]The Eighth Amendment provides protection with respect to "the treatment a prisoner receives in prison and the conditions under which he is confined." Helling v. McKinney, 509 U.S. 25, 31 (1993). However, the constitutional prohibition against the infliction of cruel and unusual punishment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991). Eighth Amendment protection from cruel and unusual living conditions has both objective and subjective components. First, deprivations must be objectively serious in the sense that they violate contemporary notions of decency. Rhodes v. Chapman, 452 U.S. 337 (1981). Second, the plaintiff must show that subjectively the prison officials acted with a sufficiently culpable state of mind. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.), cert. denied, 510 U.S. 949 (1993). The Supreme Court has held that prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825 (1994). A plaintiff must produce evidence of serious or significant physical or emotional injury resulting
(continued...)

Nutritionist IV at SCDC, states that the KCI weekly and brunch menus are nutritionally sound based on the recommended dietary allowances published by the Food and Nutrition Board of the National Research Council at the National Academy of Sciences.  She also states that Plaintiff is not in any immediate danger or susceptible to any harm as a result of the SCDC menus, and that the brunch program at KCI provides adequate nutritional and caloric value.  Plaintiff also fails to show that he will suffer irreparable injury if he is not granted a preliminary injunction.  Additionally, he has not shown that the balance of equities tips in his favor or that an injunction is in the public interest.

## CONCLUSION

Based on review of the record, it is recommended that Plaintiff's motion for a preliminary injunction (Doc. 12) be **denied**.

Joseph R. McCrorey
United States Magistrate Judge

March 29, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice**.

---

²(...continued)
from the challenged conditions to withstand summary judgment on a prison living conditions claim. Strickler, 989 F.2d at 1380-81.

Prisons and detention facilities are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it."  See French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985), cert. denied, Owens v. French, 479 U.S. 817 (1986).  Assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents.  Divers v. Dep't of Corrs., 921 F.2d 191, 196 (8th Cir. 1990); see also Madyun v. Thompson, 657 F.2d 868, 874-75 (7th Cir. 1981)(allegation that food served to segregated prisoners was cold and not on the menu served to general prison population was insufficient to state an Eighth Amendment violation); Hoitt v. Vitek, 497 F.2d 598, 601 (1st Cir. 1974)(prisoners' allegation of deprivation of hot meals failed to state a claim of cruel and unusual punishment, given the stipulation that three meals were provided daily); Prophete v. Gilless, 869 F. Supp. 537 (W.D. Tenn. 1994)(food which was cold by the time it was served did not constitute cruel and unusual punishment).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).