IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BERNARD MCFADDEN, #199135, | ) Civil Action No. 3:10-3104-JMC-JRM |
| Plaintiff, | ) |
| vs. | ) |
| MRS. BUTLER, FNU, FOOD SUPERVISOR OF KCI; | ) |
| MR. THOMAS, FNU, KITCHEN MANAGER OF KCI; | ) **REPORT AND RECOMMENDATION** |
| MRS. MARSHALL FULLMER, NUTRITIONIST FOR SCDC; | ) |
| MRS. MARSHALL, FOOD SUPERVISOR OF KCI, IN THEIR INDIVIDUAL OR PERSONAL CAPACITIES, | ) |
| Defendants. | ) |

Plaintiff filed this action, pro se, on December 16, 2010.[1] He is an inmate at the Kirkland Correctional Institution ("KCI") of the South Carolina Department of Corrections ("SCDC"). Plaintiff filed an amended complaint on January 25, 2011. On June 16, 2011, the Honorable J. Michelle Childs, United States District Judge, denied Plaintiff's first motion for a preliminary injunction. On June 30, 2011, Defendants filed a motion for summary judgment. Because Plaintiff is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Local Civil Rule 73.02(B)(2)(e) DSC. Because these are dispositive motions, this report and recommendation is entered for review by the Court.

issued on July 1, 2011, advising him of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff failed to file a response to Defendants' motion. On July 12, 2011, Plaintiff filed a second (renewed) motion for preliminary injunction.

On November 28, 2011, the undesigned denied Plaintiff's motions to compel, appoint an expert witness, and extend the time to complete discovery. In the order, Plaintiff's motion to extend time to respond to Defendants' motion for summary judgment was granted. Plaintiff was directed to respond to Defendants' motion for summary judgment on or before December 14, 2011. See Doc. 57. He was specifically advised that if he failed to do so, the undersigned would recommend that this action be dismissed, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. Plaintiff filed what appears to be both a response to Defendants' motion for summary judgment, as well as an appeal to the District Judge of the undersigned's November 28, 2011 order (as to the denial of his motion to compel, his motion for an expert witness, and his motion to extend the time for discovery).[2]

## STANDARD OF REVIEW

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact,

---

[2]The undersigned has treated this filing as a response to Defendants' motion for summary judgment and addressed Plaintiff's claims on the merits. Alternatively, if Plaintiff has failed to respond to Defendants' motion for summary judgment (after being advised to do so in the July 1, 2011 Roseboro order and the undersigned's November 28, 2011 order), it is alternatively recommended that Plaintiff's claims be dismissed pursuant to Rule 41(b), Fed. R. Civ. P., for failure to prosecute.

2

but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). The moving party "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). If the moving party carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

## MOTION FOR SUMMARY JUDGMENT

Plaintiff alleges that the food service at SCDC violates his constitutional rights and constitutes cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff alleges Defendants are violating his constitutional rights by providing extremely small food portions and/or no portions at all of specific types of foods. Plaintiff further alleges that he is being deprived of the necessary vitamins and nutrients in his diet to maintain his physical health. Also, Plaintiff appears to complain about the weekend brunch program at some SCDC institutions. Defendants contend that their motion for summary judgment should be granted because: (1) Plaintiff fails to state a constitutional claim

as there is no evidence that the conditions of his confinement violated his rights; (2) they are entitled to qualified immunity; (3) in their official capacities they are not "persons" amenable to suit under § 1983; and (4) this action should be dismissed under 28 U.S.C. § 1915(E) and § 1915A, and should count as a strike.

In support of summary judgment in the case, the Defendants have submitted an affidavit from Marcia Fuller ("Fuller"), a Nutritionist IV at SCDC, who compiled the master menu to be served to inmates within SCDC institutions. See Fuller Aff. ¶¶ 1, 4; see also Exhibits A and B to Fuller Aff.. Fuller is a Registered and Licensed Dietician in South Carolina, and according to her professional opinion, the menus at SCDC are nutritionally sound. Fuller Aff. ¶¶ 2, 9. Fuller also states that "the Master Menu at SCDC for the term of July 13, 2010 through July 13, 2011 was nutritionally sound, based upon the 1989 Recommended Dietary Allowances as published by the Food and Nutrition Board of the National Research Council at the National Academy of Sciences." Id. ¶ 9.

An affidavit from Hope Marshall ("Marshall"), a Food Service Director V with SCDC, has also been submitted by Defendants. She states that she helps oversee the operation of the cafeteria and food service at KCI, meals at KCI are prepared in accordance with the master menus proved by Fuller, and the menu provides approximately 3,200 calories per day per inmate. Marshall Aff., ¶ 1, 3, 5, and 6.

Defendants have also submitted an affidavit from John Thomas ("Thomas"), Food Service Director at KCI, who states that he has been employed with SCDC in food service for approximately nineteen years. See Thomas Aff. ¶ 1. In his affidavit, Thomas explains the brunch program which he refers to as the "pilot Weekend Brunch program." Thomas asserts that inmates are served a brunch

meal and a supper meal on the "weekday,"[3] but receive breakfast, lunch, and dinner during the week. Thomas Aff. ¶¶ 4, 5. Thomas further states that this program was instituted because there are fewer security staff available on the weekends and "the Brunch program is a way to minimize the number of controlled movements of inmates during the weekend." Thomas Aff. ¶ 6. Thomas states that the brunch and supper meals have additional food items that provide the requisite calories to meet nutritional standards. Thomas Aff. ¶ 5.

Finally, Defendants have submitted copies of Plaintiff's medical records for review which are attached as Exhibit A to the affidavit of Nadine Pridgen, Administrative Assistant with the Health Information Resources Office.

With his first motion for a preliminary injunction, Plaintiff submitted an affidavit signed by numerous inmates in which they state that they believe SCDC is providing meat that is not pure and wholesome, is serving extremely small portions of certain food, is serving less than three ounces of meat per meal, the meat is mostly made of ground turkey organs, they are served no potatoes or margarine, and their meals are unbalanced and not nutritious. He also submitted his own affidavit in which he claims he has lost twelve pounds, been constipated, and had small amounts of blood in his stool because his food portions are too small and the food is not nutritious. With his earlier motion to compel discovery, Plaintiff included a copy of what appears to be a medication label indicating he was prescribed Konsil (a fiber supplement).

---

[3]This appears to be a scrivener's error as it is apparent that the brunch program is a weekend plan.

A. Eighth Amendment Claims

Plaintiff alleges that the portions of food served to inmates at SCDC are insufficient, that the specific food items served to inmates are not sufficiently nutritious, and that the brunch program at select SCDC institutions causes "extreme and unnecessary infliction of hunger pains."[4] Defendants contend that Plaintiff has failed to state a constitutional claim as he has not shown any serious injury or substantial risk of harm from the alleged condition as shown by his medical records. They argue that the food served is nutritious such that Plaintiff is not in any danger or susceptible to harm. In his December 12, 2011 pleading, Plaintiff appears to dispute Fullers' opinion that the meals served are nutritious. He argues that he had blood tests results that showed the need for niacin and multivitamins such that vitamins were prescribed. Plaintiff also argues that this action is supported by his affidavit in which other inmates attest to the absence of certain foods in their diet, the small portions served, the low quality of food served. Plaintiff argues that he has been harmed by the food served because he has been constipated, vitamins have been prescribed for him, he has had blood in his stools, and he has lost weight.

The Eighth Amendment provides protection with respect to "the treatment a prisoner receives in prison and the conditions under which he is confined." Helling v. McKinney, 509 U.S. 25, 31

---

[4]Plaintiff appears to complain of problems other inmates have experienced as a result of the food served. Judge Childs, in her December 30, 2010 order, denied Plaintiff's request to certify this as a class action. See Doc. 6. Plaintiff cannot assert a claim on behalf of others. See Laird v. Tatum, 408 U.S. 1 (1972). See also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981 )(a prisoner cannot act as a "knight-errant" for others). Cf. Oxendine v. Williams, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a pro se prisoner cannot be an advocate for others in a class action); and McNeil v. Guthrie, 945 F.2d 1163, 1164 & nn. 1-2 (10th Cir. 1991).

(1993). However, the constitutional prohibition against the infliction of cruel and unusual punishment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991). Eighth Amendment protection from cruel and unusual living conditions has both objective and subjective components. First, deprivations must be objectively serious in the sense that they violate contemporary notions of decency. Rhodes v. Chapman, 452 U.S. 337 (1981). Second, the plaintiff must show that subjectively the prison officials acted with a sufficiently culpable state of mind. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.), cert. denied, 510 U.S. 949 (1993). The Supreme Court has held that prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825 (1994). A plaintiff must produce evidence of serious or significant physical or emotional injury resulting from the challenged conditions to withstand summary judgment on a prison living conditions claim. Strickler, 989 F.2d at 1380-81.

Prisons and detention facilities are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." See French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985), cert. denied, Owens v. French, 479 U.S. 817 (1986). Assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents. Divers v. Dep't of Corrs., 921 F.2d 191, 196 (8th Cir. 1990); see also Madyun v. Thompson, 657 F.2d 868, 874-75 (7th Cir. 1981)(allegation that food served to segregated prisoners was cold and not on the menu served to general prison population was insufficient to state an Eighth Amendment violation); Hoitt v. Vitek, 497 F.2d 598,

7

601 (1st Cir. 1974)(prisoners' allegation of deprivation of hot meals failed to state a claim of cruel and unusual punishment, given the stipulation that three meals were provided daily); Prophete v. Gilless, 869 F. Supp. 537 (W.D. Tenn. 1994)(food which was cold by the time it was served did not constitute cruel and unusual punishment).

Plaintiff fails to establish a constitutional claim because he has not shown any serious or significant physical or emotional injury resulting from the alleged conditions. See Strickler, 989 F.2d at 1380-1381. His medical records reveal that he is five feet, seven inches tall and that his weight from November 22, 2010 was 184 and on January 19, 2011 was 192. He complained of constipation during one medical visit (January 19, 2011), for which medication was given and Plaintiff was encouraged to increase his fluids and exercise more. The records fail to reveal any serious physical or emotional injury to Plaintiff resulting from the food served to him at KCI. See Ex. E.

Further, Plaintiff fails to show that Defendants knew of and disregarded an excessive risk to inmate health or safety. Defendants have provided affidavits from a nutritionist stating that the menus at KCI meet the appropriate nutritional guidelines. Marshall states that the menus provided by Fuller are served at KCI and provide approximately 3,200 calories per inmate per day.

Plaintiff claims that certain other food items (such as beef, margarine, potatoes, and fruit) are needed on the menu. He has, however, provided no evidentiary support for this. He admits he is not a dietician and has never spoken to a dietitian about his complaints. Defendants' Motion for Summary Judgment, Ex. A (Plaintiff's Responses to Requests for Admission). Prisoners simply cannot expect the "amenities, conveniences and services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir.1988); see also Lunsford v. Bennett, 17 F.3d 1574 (7th Cir.1994) (holding that allegations of cold, poorly prepared beans were insufficient to state a constitutional claim);

8

Lasure v. Doby, C/A No. 0:06-cv-1527, 2007 WL 1377694, *5 (D.S.C. May 8, 2007) (unpublished) (noting that plaintiff was "being held in a[ ] jail facility, not a hotel").

B. Immunity

Defendants contend they are entitled to summary judgment to the extent they are sued in their official capacities because in such capacity they are not "persons" under § 1983. The Eleventh Amendment prohibits federal courts from entertaining an action against a state. See, e.g., Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam) (citations omitted); Hans v. Louisiana, 134 U.S. 1, 10-11 (1890). Further, Eleventh Amendment immunity "extends to 'arm[s] of the State,' including state agencies and state officers acting in their official capacity," Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir.1996) (alteration in original) (internal citations omitted), because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office ... [and] is no different from a suit against the State itself," Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (internal citation omitted). Therefore, Eleventh Amendment immunity protects state agencies and state officials sued in their official capacity from liability for monetary damages under 42 U.S.C. § 1983. Id. As a result, to the extent Plaintiff has alleged claims against Defendants in their official capacities, those claims must be dismissed because Defendants are entitled to immunity pursuant to the Eleventh Amendment.

Defendants also contend that they are entitled to qualified immunity in their individual capacities. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not

9

violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Id. at 818.

The Court of Appeals for the Fourth Circuit, discussing qualified immunity, stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities.

## RENEWED MOTION FOR PRELIMINARY INJUNCTION

A review of Plaintiff's motion filed July 12, 2011, reveals that he essentially alleges, as he did in his previous motion for preliminary injunction, that his constitutional rights have been violated because he is served inadequate portions of food and the diet served is not nutritionally adequate. He has resubmitted an affidavit (which he submitted in conjunction with his first motion for a preliminary injunction) in which he addresses the factors outlined in Winter v. Natural Res. Def. Council, 555 U.S. 7 (2008).

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate that:

(1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 555 U.S at 20.

Plaintiff again fails to show that he is entitled to relief under the factors set out in Winter. He has not shown that he is likely to succeed on the merits at trial as discussed above. Plaintiff argues that he can succeed on the merits because he has submitted an affidavit from other inmates indicating that the foods that he believes should be served have not been served at KCI. He, however, fails to show that the diet currently being served at KCI is not nutritious or that the foods he desires must be served in order to have a nutritious diet. Plaintiff argues that he is likely to suffer irreparable harm because a lack of nutritious food may cause unforeseen medical problems. Fuller, a registered and licensed dietitian at SCDC, has stated that the KCI weekly and brunch menus are nutritionally sound. She further stated that Plaintiff is not in any immediate danger or susceptible to any harm as a result of the SCDC menus, and that the brunch program at KCI provides adequate nutritional and caloric value. Additionally, Plaintiff has not shown that the balance of equities tips in his favor. He appears to argue that the balance of equities is in his favor because the only harm to Defendants is that they would have to spend more money to provide him with the desired foods. This however, would appear to cause harm to SCDC as it would have to pay additional funds when it is already providing inmates with an adequate diet. Plaintiff also has not shown that an injunction is in the public interest. Plaintiff argues that by feeding him and the other inmates his desired foods that it will prevent the public from having to pay medical expenses to treat disease. He, however, has provided no evidence to show this. Further, SCDC has provided evidence that the menus currently being served are nutritious and comply with recommended guidelines. Further, as Plaintiff has not offered any new

evidence in his current motion and his previous motion for a preliminary injunction was denied, it is recommended that Plaintiff's renewed motion for a preliminary injunction be denied.

## CONCLUSION

Based on the foregoing, it is recommended that Plaintiff's motion for a preliminary injunction (Doc. 54) be **denied**. It is further recommended that Defendants motion for summary judgment (Doc. 48) be **granted**.

Joseph R. McCrorey
United States Magistrate Judge

February 3, 2012
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).